HLJ

**M-10-1081**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JUAN ANTONIO IMBERT FABIAN,

    Defendant.

- - - - - - - - - - - - - - - - -X

PRE-ARRAIGNMENT
C O M P L A I N T
(21 U.S.C. §§ 952(a)
and 960)

EASTERN DISTRICT OF NEW YORK, SS:

    JEFFREY PERRY, being duly sworn, deposes and states that he is a Special Agent of the United States Department of Homeland Security, Immigration and Customs Enforcement, duly appointed according to law and acting as such.

    Upon information and belief, on or about September 18, 2010, within the Eastern District of New York and elsewhere, defendant JUAN ANTONIO IMBERT FABIAN did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing heroin, a Schedule I controlled substance.

    (Title 21, United States Code, Sections 952(a) and 960).

    The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause, I have not

2

1. At approximately 2:30 a.m. on September 18, 2010, defendant JUAN ANTONIO IMBERT FABIAN arrived at John F. Kennedy International Airport in Queens, New York ("JFK"), aboard Jet Blue Airlines Flight No. 826 from Santo Domingo, Dominican Republic. The defendant was traveling with his minor daughter.

2. During a routine Customs and Border Protection examination, the defendant JUAN ANTONIO IMBERT FABIAN stated that he had stayed in the Dominican Republic for approximately one month. He stated that the purpose of his trip was to visit family and then bring his minor daughter back to the United States for school. However, the defendant did not have any information about the school the daughter was to attend. In addition, the defendant is unemployed and could not explain how his previous trips were paid for. He also stated that someone else purchased his ticket.

3. During a negative baggage exam, the defendant JUAN ANTONIO IMBERT FABIAN was avoiding eye contact and hesitated when giving answers. A personal search was conducted with negative results. Upon further questioning, the defendant admitted to ingesting 80 foreign bodies. He was then presented with an x-ray consent form, which he read, stated that he understood and then signed.

---

described all the relevant facts and circumstances of which I am aware.

4. The defendant JUAN ANTONIO IMBERT FABIAN was transported to the medical facility at JFK, where an x-ray was taken of the defendant's intestinal tract, which was positive for foreign bodies. On September 18, 2010 at approximately 3:47 a.m., the defendant then passed three pellets, one of which field-tested positive for the presence of heroin. The defendant was then placed under arrest.

5. Defendant JUAN ANTONIO IMBERT FABIAN will be detained at the JFK medical facility until such time as he has passed all the pellets contained within his intestinal tract.

WHEREFORE, your deponent respectfully requests that defendant JUAN ANTONIO IMBERT FABIAN be dealt with according to law.

```
_____
JEFFREY PERRY
Special Agent
U.S. Department of Homeland Security
Immigration and Customs Enforcement
```

Sworn to before me this
18th day of September, 2010

```
_____
THE HON. MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK
```